Thomas P. Riley
Law Offices of Thomas P. Riley, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227
Fax: 626-799-9795
TPRLAW@att.net
Tel:  626-799-9797

Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIIS DIVISION

| | |
|---|---|
| G & G Closed Circuit Events, LLC,<br><br>     Plaintiff,<br><br>     vs.<br><br>Susana Sanchez, individually and d/b/a El Rincon De Susy; and La Casa De Los Mariscos Mexican Grill # 2 LLC, an unknown business entity d/b/a individually and d/b/a El Rincon De Susy,<br><br>     Defendants. | Case No.:<br><br>COMPLAINT |

**PLAINTIFF ALLEGES:**

<u>**JURISDICTION**</u>

1.     Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Indiana.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Southern District of Indiana, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants reside within the State of Indiana (28 U.S.C. § 1391(b)).

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Indianapolis Division of the Southern District of Indiana is proper because a substantial part of the events or omissions giving rise to the claim occurred in Marion County and/or, the United States District Court for the Southern District of Indiana has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## **THE PARTIES**

6.     Plaintiff, G & G Closed Circuit Events, LLC, is, and at all relevant times mentioned was, a California company with its principal place of business located at 2925 Green Valley Parkway, Suite D, Las Vegas, NV 89014.

7.     At all times relevant hereto, including on Saturday, November 6, 2021, Defendant La Casa De Los Mariscos Mexican Grill # 2 LLC (No. 201607121149410) was an owner, and/or operator, and/or licensee, and/or permittee, and/or entity in possession, and/or an entity with dominion, control, oversight and management of the commercial establishment doing business as El Rincon De Susy operating at 2709 N. Shadeland Ave., Indianapolis, IN 46219.

8.     At all times relevant hereto, including on Saturday, November 6, 2021, Defendant La Casa De Los Mariscos Mexican Grill # 2 LLC held the Indiana Alcohol and Tobacco Commission License (#RR4933290) issued to El Rincon De Susy.

9.     At all times relevant hereto, including on Saturday, November 6, 2021, Defendant Susana Sanchez was an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as El Rincon De Susy, operating at 2709 N. Shadeland Ave., Indianapolis, IN 46219.

10. At all times relevant hereto, including on Saturday, November 6, 2021, Defendant Susana Sanchez was specifically identified as Manager and Sole Owner of La Casa De Los Mariscos Mexican Grill # 2 LLC on the Indiana Alcohol and Tobacco Commission License (#RR4933290) issued to El Rincon De Susy.

11. At all times relevant hereto, including on Saturday, November 6, 2021, Defendant Susana Sanchez was specifically identified as Member on the State of Indiana Secretary of State Business Entity Report for La Casa De Los Mariscos Mexican Grill # 2 LLC (No. 201607121149410).

12. Plaintiff is informed and believes, and alleges thereon that on Saturday, November 6, 2021 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), Susana Sanchez had the right and ability to supervise the activities of El Rincon De Susy, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

13. Plaintiff is informed and believes, and alleges thereon that on Saturday, November 6, 2021 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), Defendant Susana Sanchez, as an individual, had the obligation to supervise the activities of El Rincon De Susy, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure El Rincon De Susy operated lawfully at all times.

14. Plaintiff is informed and believes, and alleges thereon that on Saturday, November 6, 2021 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), Defendant Susana Sanchez specifically directed or permitted the employees of El Rincon De Susy to unlawfully

intercept, receive, and publish Plaintiff's *Program* at El Rincon De Susy, or intentionally intercepted, received, and published the *Program* at El Rincon De Susy herself. The actions of the employees of El Rincon De Susy are directly imputable to Defendant Susana Sanchez by virtue of her acknowledged responsibility for the operation of El Rincon De Susy.

15.     Plaintiff is informed and believes, and alleges thereon that on Saturday, November 6, 2021 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), Defendant Susana Sanchez, as an individual specifically identified as Member on the State of Indiana Secretary of State Business Entity Report for La Casa De Los Mariscos Mexican Grill # 2 LLC (No. 201607121149410), and as an individual specifically identified as Manager and Sole Owner of La Casa De Los Mariscos Mexican Grill # 2 LLC on the Indiana Alcohol and Tobacco Commission License (#RR4933290) issued to El Rincon De Susy, had an obvious and direct financial interest in the activities of El Rincon De Susy, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

16.     Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant Susana Sanchez resulted in increased profits for El Rincon De Susy.

17.      Plaintiff is informed and believes, and alleges thereon that on Saturday, November 6, 2021 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), El Rincon De Susy sold food and beverages to its patrons.

18. On Saturday, November 6, 2021, El Rincon de Susy required a $35.00 cover charge for admission.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

19. Plaintiff G & G Closed Circuit Events, LLC, hereby incorporates by reference all of the allegations contained in paragraphs 1-18, inclusive, as though set forth herein at length.

20. Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Saul "Canelo" Alvarez v. Caleb Plant Championship Fight Program,* telecast nationwide on Saturday, November 6, 2021 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

21. Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Indiana, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments.

22. The *Program* could only be exhibited in a commercial establishment in Indiana if said establishment was contractually authorized to do so by Plaintiff G & G Closed Circuit Events, LLC.

23. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC, expended substantial monies marketing, advertising, promoting,

administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

24. The *Program* originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal to Plaintiff's lawful sub-licensees.

25. On Saturday, November 6, 2021, in violation of Plaintiff G & G Closed Circuit Events, LLC rights and federal law, Defendants intercepted, received and published the *Program* El Rincon De Susy. Defendants also divulged and published said communication or assisted or permitted in divulging and publishing said communication to patrons within El Rincon De Susy.

26. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at commercial establishment located at 2709 N. Shadeland Ave., Indianapolis, IN 46219.

27. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

28. Title 47 U.S.C. § 605(a), prohibits the unauthorized interception, receipt, publication and use of communications, including satellite television signals, such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC had the distribution rights thereto.

29. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*, either directly, contributorily or vicariously.

30. By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 605.

31. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

    (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

    (c) The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## **COUNT II**

**(Violation of Title 47 U.S.C. Section 553)**

32. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-31, inclusive, as though set forth herein at length.

33. 47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

34. The unauthorized interception and receipt of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. §553, *et seq.*

35. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.* either directly, contributorily or vicariously.

36. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 553.

37. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

    (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

    (c) The recovery of full costs pursuant to Title 47 U.S.C. § 553 (c)(2)(C); and

    (d) In the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

## COUNT III

**(Conversion)**

38.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-37, inclusive, as though set forth herein at length.

39.     By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants, exercised unauthorized control over the *Program*, tortiously obtained possession of the *Program,* and wrongfully converted same for their own use and benefit.

40.     In view of Plaintiff G & G Closed Circuit Events, LLC's exclusive nationwide commercial distribution rights to the *Program*, and the concomitant inability for a commercial establishment to otherwise lawfully obtain the *Program* from any entity other that Plaintiff G & G Closed Circuit Events, LLC, there was a high probability that Defendants were aware that their control over the Program was unauthorized.

41.     By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants, tortuously obtained possession of the *Program* and wrongfully converted same for their own use and benefit.

42.     The aforesaid acts of the Defendants were willful, malicious, egregious, and intentionally designed to harm Plaintiff G & G Closed Circuit Events, LLC, by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to severe economic distress and great financial loss.

43. Accordingly, Plaintiff G & G Closed Circuit Events, LLC, is entitled to both compensatory, as well as punitive and exemplary damages, from aforementioned Defendants as the result of the Defendants' egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as mandated by statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1.  For compensatory damages in an amount according to proof against the Defendants, and each of them;

2.  For exemplary damages against the Defendants, and each of them;

3.  For punitive damages against the Defendants, and each of them;

4.  For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

5.  For all costs of suit, including, but not limited to, filing fees, service of process fee, investigative costs; and

6.  For such other and further relief as this Honorable Court may deem just and proper.

                      Respectfully submitted,

Date: November 2, 2023        */s/Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By: Thomas P. Riley
Attorneys for Plaintiff
G & G Closed Circuit Events, LLC